NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 15-2164
_____

In re:  G-I HOLDINGS INC, f/k/a GAF Corporation, et al.,
Debtors


NEW YORK CITY HOUSING AUTHORITY,
Appellant
v.

G-I HOLDINGS, INC.
_____

On Appeal from the United States District Court
for the District of New Jersey
District Court No. 2-14-cv-06103
District Judge: The Honorable Stanley R. Chesler

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
July 14, 2016

Before: SMITH, ROTH, and RENDELL, *Circuit Judges*

(Filed:  July 18, 2016)
_____

OPINION[*]
_____

SMITH, *Circuit Judge.*

_____

[*] This disposition is not an opinion of the full court and pursuant to I.O.P. 5.7 does

The New York City Housing Authority (NYCHA) has creatively tried to repackage its claim against G-I Holdings for property damage as a claim for injunctive relief in the hopes of getting a better outcome this time around. Specifically, NYCHA argues that its "new" claim is a non-dischargeable injunctive claim for pollution abatement brought by NYCHA in its capacity as a governmental entity. By turning its monetary claim for property damage into a "regulatory" action, NYCHA hoped to avoid the steep discounting, inherent in most bankruptcy proceedings, of its claim for monetary damages. We hold that NYCHA cannot so easily circumvent federal bankruptcy laws. We will therefore affirm the District Court's judgment in all respects.

## I.

NYCHA is a public corporation created under New York law to construct and maintain public housing for lower-income residents in New York City. Approximately 419,000 residents are currently housed in NYCHA's 2,702 residential properties. G-I Holdings is the corporate successor to a manufacturer of housing products that contained asbestos. Facing close to 500,000 asbestos-related lawsuits, G-I Holdings filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code in 2001. During the bankruptcy process, NYCHA submitted a Proof of Claim seeking roughly half a billion dollars for property damage to its

_____

not constitute binding precedent.

2

buildings. As a result of the well-documented carcinogenic effects of exposure to asbestos fibers, NYCHA claimed that it had to undertake extensive, and expensive, precautionary measures whenever it removed Asbestos Containing Material (ACM) from any of its buildings. The Proof of Claim filed by NYCHA did not mention injunctive relief or allege that its claim was non-dischargeable.

On November 9, 2009, the Bankruptcy Court in conjunction with the District Court approved the Eighth Amended Joint Plan of Reorganization (Plan), which disposed of all covered claims against G-I Holdings and barred the holders of such claims from reasserting them against the reorganized G-I Holdings. NYCHA never appealed the Confirmation Order finalizing the Plan.

However, three years later NYCHA filed a complaint against G-I Holdings in which it sought an injunction to compel G-I Holdings to remove ACM from hundreds of NYCHA's buildings. In this complaint, NYCHA put forward two reasons why this claim was not barred by the now-finalized Plan. First, NYCHA argued that its request for an injunction was not a "claim" as defined by the Plan and thus was not barred by the *res judicata* effect of the District Court's Confirmation Order. Second, NYCHA argued that as a governmental entity, it should be allowed to use its inherent regulatory power to force G-I Holdings to remediate the environmental damage caused by the ACM. The Bankruptcy and

District Courts rejected both of these arguments, and we do the same.[1]

II.

NYCHA's request for an injunction is most certainly a claim as defined by the Plan. The Plan specifically states that a "claim" includes "any right to any equitable remedy." JA 1202. Thus, to the extent NYCHA is acting as a creditor seeking to enforce a claim for injunctive relief, this claim is barred by the clear terms of the Plan.

NYCHA, however, argues that it is not an ordinary creditor. Instead, it claims that it can exercise its inherent power as a governmental entity to compel G-I Holdings to remediate the ongoing environmental harm resulting from the ACM it produced. In support, NYCHA cites several cases which stand for the much narrower proposition that an entity cannot simply "discharge" future compliance with state and local environmental laws by entering into bankruptcy. *See, e.g., In re Torwico Elec., Inc.*, 8 F.3d 146 (3d Cir. 1993); *In the Matter of Quanta Resources Corp.*, 739 F.2d 912 (3d Cir. 1984).

A brief explanation of our holding in *Torwico* will help clarify why

---

[1] We have jurisdiction pursuant to 28 U.S.C. § 158(d)(1), the District Court had jurisdiction pursuant to 28 U.S.C. 158(a)(1), and the Bankruptcy Court had jurisdiction pursuant to 28 U.S.C. 157(b). "We exercise *de novo* review over orders granting motions to dismiss." *In re Plassein Int'l Corp.*, 590 F.3d 252, 256 (3d Cir. 2009).

NYCHA's attempt to invoke this exception fails. In *Torwico*, the New Jersey Department of Environmental Protection and Energy (NJDEPE) issued an order requiring Torwico to submit a written plan explaining how it would close the seepage pit that was allegedly polluting local waterways. 8 F.3d at 147-48. Torwico argued that this was a "claim" under its bankruptcy reorganization plan and thus was discharged because the NJDEPE did not file a timely proof of claim. *Id.* at 148. We disagreed, explaining that the state was exercising its police powers to "enforce laws requiring Torwico to clean up the hazardous waste it is responsible for under state law." *Id.* We thus held that "a debtor cannot maintain an ongoing nuisance in direct violation of state environmental laws. The state can exercise its regulatory powers and force compliance with its laws, even if the debtor must expend money to comply." *Id.* at 150. *Torwico* – and the judicially created exception NYCHA is trying to invoke – is thus limited to situations in which a state is not attempting to enforce a "right to payment" but is instead invoking its "right to force the debtor to comply with applicable environmental laws by remedying an existing hazard." *Id.*

This case is easily distinguishable from *Torwico* and the other similar cases NYCHA cites. First, NYCHA does not point to a single law which requires G-I Holdings to mitigate the property damage resulting from its products or which permits NYCHA to hold G-I Holdings liable for the environmental harm caused by

5

its products. Instead, the only laws mentioned impose a duty on NYCHA to provide safe housing for its residents. Second, NYCHA is a public corporation created for the specific purpose of providing housing to lower-income residents in New York City. It has *not* been given authority to enforce New York's environmental laws. Third, as NYCHA admits, the asbestos fibers in ACM only create a health hazard when ACM is removed or otherwise disturbed during apartment renovations. The state is thus not confronted with a polluter whose conduct necessitates injunctive relief to stop ongoing pollution. Instead, the injury here is the additional cost associated with renovating apartments that contain ACM. These additional costs are properly conceptualized as a form of property damage to NYCHA that occurred when the ACM material was installed. Thus, NYCHA's claim for injunctive relief is merely an attempt to force G-I Holdings to foot the bill for remediation of a past harm. This type of claim was dealt with in G-I Holdings' bankruptcy proceeding and cannot be relitigated now.

NYCHA's claim is thus properly characterized as a "repackaging of a forfeited claim for damages." *Torwico*, 8 F.3d at 150. NYCHA is not a regulatory agency seeking to enforce a state or local law; it is simply a creditor seeking to circumvent the limitations on its recovery of monetary damages from G-I Holdings

under the Plan.[2]  We will accordingly affirm the District Court's judgment in all respects.

---

[2] The Bankruptcy Court therefore properly denied NYCHA's request to amend its Proof of Claim to incorporate these "new" claims.